UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-20937-GAYLES

BOUNCE,

       Plaintiff,

v.

CITY OF MIAMI BEACH, *et al*.,

       Defendants.

_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE
## PURSUANT TO 28 U.S.C. § 1915(e)

     **THIS CAUSE** is before the Court on the *pro se* Complaint filed by Plaintiff "Bounce,"

also known as K.R. Conary. [ECF No. 1]. Because Plaintiff has not paid the filing fee and has

sought leave to proceed *in forma pauperis* ("IFP") [ECF No. 3], the screening provisions of 28

U.S.C. § 1915(e)(2)(B) apply. Under that statute, the Court shall dismiss a complaint if it

determines the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*.

§ 1915(e)(2)(B)(i)–(iii). For the following reasons, the Complaint is **DISMISSED WITHOUT**

**PREJUDICE** for failure to state a claim for relief.

### I.    BACKGROUND

     Plaintiff has filed "a civil rights action challenging the unconstitutional criminalization of

homelessness by the City of Miami Beach and the Miami Beach Police Department (MBPD)."

[ECF No. 1 at 1]. Plaintiff alleges that on July 3, 2024, they[1] were unlawfully arrested by MBPD

officers for "'park entry after hours' despite identifying as homeless and actively seeking shelter

_____

[1] Plaintiff uses the personal pronoun "they" in the Complaint. [ECF No. 1 at 2].

and services[.]" *Id*. Plaintiff claims they were "found resting in a public area" and "explicitly informed the officers that they were seeking services and had no alternative location to go." *Id*. at 2. Plaintiff further claims that the arresting officers "falsely reported that Plaintiff declined shelter, contradicting recorded body-worn camera footage." *Id*.

Plaintiff sues five Defendants: (1) the City of Miami Beach; (2) the MBPD; and the three arresting officers, (3) Officer "Azicri L", (4) Officer "Damus D", and (5) Officer "Parada G." *Id*. at 1. Liberally construed, Plaintiff's Complaint asserts four claims[2] under 42 U.S.C. § 1983: (1) cruel and unusual punishment under the Eighth Amendment against the City of Miami Beach and the MBPD for criminalizing homelessness and arresting and prosecuting Plaintiff for "engaging in necessary human functions" while homeless; (2) violation of the Equal Protection Clause of the Fourteenth Amendment against all Defendants for "enforcement practices that disproportionately target homeless individuals"; (3) violation of the Due Process Clause of the Fourteenth Amendment against the three arresting officers for making false statements in their arrest report; and (4) false arrest against the officers. *Id*. at 3. Plaintiff seeks compensatory and punitive damages and "injunctive relief preventing further unconstitutional enforcement against homeless individuals in Miami Beach." *Id*. at 4.

## II.   LEGAL STANDARD

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). A pleading fails to state a claim for relief when it does not contain sufficient "factual matter (taken as true)" to "give the defendant fair notice of

---

[2] Plaintiff asserts a separate claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), against the City of Miami Beach and the MBPD, but *Monell* is not itself a cause of action. Rather, it provides the standard for proving liability under § 1983 against a municipality. *See id*. at 694.

what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)."). A complaint need not contain detailed factual allegations, but it must provide as grounds for relief something more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). To survive dismissal, a complaint must "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court holds *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys" and construes them liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, the Court does not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### III.   DISCUSSION

#### A.   *Eighth Amendment Claim Against the City of Miami Beach*

Plaintiff claims that the City of Miami Beach and the MBPD[3] violated their Eighth Amendment rights by enforcing "laws that criminalize homelessness." [ECF No. 1 at 3]. Plaintiff cites *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), and *City of Grants Pass, Oregon v. Johnson*, 603 U.S. 520 (2024), for the proposition that criminalizing homelessness by "punishing individuals for sleeping in public when no alternatives exist" violates the Eighth Amendment's Cruel and Unusual Punishments Clause. [ECF No. 1 at 3]. In *Grants Pass*, however, the Supreme Court overturned *Martin* and expressly rejected the proposition that criminalizing sleeping outside,

---

[3] Plaintiff may not sue the MBPD because "[u]nder Florida law, police departments are not legal entities amenable to suit." *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008). Therefore, the Court addresses only Plaintiff's claims against the City of Miami Beach.

even when no alternative shelter exists, constitutes cruel and unusual punishment under the Eighth Amendment. The Supreme Court held that "[t]he Cruel and Unusual Punishments Clause focuses on the question what 'method or kind of punishment' a government may impose after a criminal conviction, not on the question whether a government may criminalize particular behavior in the first place[.]" *Grants Pass*, 603 U.S. at 542. Therefore, Plaintiff's claim fails because it is based on the criminalization of being in the park after hours.

Under *Grants Pass*, generally applicable laws that criminalize camping or sleeping outside do not *per se* violate the Eighth Amendment, absent a showing that the "criminal punishments" these laws impose qualify as cruel and unusual.[4] *Id*. Plaintiff provides no details about the types of punishments the City of Miami imposes under its "laws that criminalize homelessness." [ECF No. 1 at 3]. Accordingly, Plaintiff has not shown that the law under which they were arrested violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.

Plaintiff emphasizes their "status as homeless" and their "physiological need" for sleep. [ECF No. 1 at 2]. But the Supreme Court in *Grants Pass* explicitly rejected the argument, embraced by the Ninth Circuit in *Martin*, that laws criminalizing *conduct* associated with homelessness—like sleeping outside—criminalize the "mere *status*" of being homeless because they "seek to regulate actions that are in some sense involuntary." *Grants Pass*, 603 U.S. at 546–47 (emphasis added) (internal quotations omitted). The Court explained that laws that regulate "acts undertaken with some *mens rea*" do not criminalize "mere status" even if those acts "might in some sense qualify as involuntary." *Id*. at 549 (internal quotations omitted). The Court emphasized that it "has never invoked the Eighth Amendment's Cruel and Unusual Punishments Clause" to prohibit a law

---

[4] The Supreme Court concluded that "the criminal punishments Grant Pass imposes"—ranging from civil fines to up to thirty days in jail—do not qualify as "cruel and unusual." *Id*. at 543.

regulating conduct even if that conduct could be considered involuntary. *Id*. at 550; *see also id*. at 551–56 (explaining that a rule requiring the plaintiffs to show a lack of "available" shelter to prove an Eighth Amendment violation would be unworkable for courts). Courts have since applied *Grants Pass* to hold that civil rights plaintiffs "cannot challenge [a city's] ordinances on the basis that they punish the unhoused based on status." *Wills v. City of Monterey*, No. 21-CV-01998-EMC, 2024 WL 4565089, at *2 (N.D. Cal. Oct. 23, 2024). Thus, in light of *Grants Pass*, Plaintiff cannot maintain a claim against the City of Miami Beach under the Eighth Amendment for enforcing laws or ordinances that "punish[ ] individuals for sleeping in public when no alternatives exist." [ECF No. 1 at 3].

### B.  *Equal Protection Claim Against the City of Miami Beach*

Plaintiff also alleges that the City of Miami Beach's criminalization of homelessness violates the Equal Protection Clause of the Fourteenth Amendment. [ECF No. 1 at 3]. The Eleventh Circuit held in *Joel v. City of Orlando*, 232 F.3d 1353 (11th Cir. 2000), however, that "[h]omeless persons are not a suspect class, nor is sleeping out-of-doors a fundamental right." *Id*. at 1357. Therefore, a city ordinance that has "a disparate effect on the homeless does not violate equal protection." *Id*. at 1359. The Eleventh Circuit explained that "[i]f an ordinance does not infringe upon a fundamental right or target a protected class, equal protection claims relating to it are judged under the rational basis test," which provides that a law is constitutional if it is rationally related to a legitimate governmental purpose. *Id*. at 1357–58. The Eleventh Circuit "readily conclude[d]" in *Joel* that "a rational basis exists for believing that prohibiting sleeping out-of-doors on public property would further aesthetics, sanitation, public health, and safety." *Id*. at 1358. The Eleventh Circuit further held that even though the plaintiff had shown a disparate impact on the City of Orlando's homeless population, "[i]n order to establish a constitutional violation, [ ] it is not enough to show that the ordinance has a disproportionate impact upon the homeless." *Id*. at 1359.

"[A] law neutral on its face, yet having a disproportionate effect on the group will be deemed to violate the Equal Protection Clause only if a discriminatory purpose can be proven." *Id*. The plaintiff in *Joel* had not proven that Orlando's ordinance "was enacted for the purpose of discriminating against the homeless." *Id*. "Consequently, a disparate effect on the homeless does not violate equal protection." *Id*.

Here, Plaintiff does not claim, much less plead facts demonstrating, that the City of Miami Beach's laws and ordinances were enacted for the purpose of discriminating against the homeless. Indeed, Plaintiff does not even identify the code or provision under which they were arrested. They merely allege that they were arrested for "park entry after hours," which shows that they were arrested pursuant to "a law neutral on its face" that does not discriminate against the homeless. [ECF No. 1 at 2]. Moreover, as in *Joel*, such a law is rationally related to the legitimate governmental purposes of "aesthetics, sanitation, public health, and safety." 232 F.3d at 1358. Thus, Plaintiff has not plausibly alleged that the law at issue violates the Equal Protection Clause of the Fourteenth Amendment.

Further, while Plaintiff claims that "Defendants' enforcement practices disproportionately target homeless individuals," they provide no details to support this conclusory assertion. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) ("In civil rights actions, . . . a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory"); *Smith v. Reg'l Dir. of Fla. Dep't of Corr.*, 368 F. App'x 9, 13 (11th Cir. 2010) (prisoner failed to state an equal protection claim where he "offered nothing more than conclusory allegations that officials treated [him] differently than other similarly-situated prisoners because of his race"); *cf. Bowe v. City of Hallandale Beach*, No. 16-CV-60993-WPD, 2017 WL 5643304, at *3 (S.D. Fla. Aug. 7, 2017) (plaintiffs had adequately pled a claim that the city was "disproportionately targeting members of the African-American community" for SWAT raids

- 6 -

where they "compiled forty incidents of racially targeted SWAT raids."). In sum, Plaintiff has not stated an equal protection claim against Defendants.

### C.  *Claims Against the Individual Officers*

Plaintiff asserts two causes of action against the three individual officers: a false arrest claim and a due process claim. As to Plaintiff's false arrest claim, "[a]n arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). Plaintiff alleges that they were "found resting in a public area" and that they were arrested for "park entry after hours." [ECF No. 1 at 2]. Thus, Plaintiff effectively concedes that the officers had probable cause to arrest them for violating a law or ordinance that prohibits such conduct. As discussed above, the crux of Plaintiff's claim is not that Plaintiff was not violating the law, but that the law itself is unconstitutional. Thus, Plaintiff's allegations show the existence of probable cause.

Plaintiff also alleges that the officers "falsified police reports, stating that Plaintiff declined shelter," but Plaintiff does not explain how this false statement was material to the probable cause determination. [ECF No. 1 at 1]. An officer's false statements will only support a false arrest claim if those statements were "necessary to the probable cause." *Jones v. Cannon*, 174 F.3d 1271, 1285 (11th Cir. 1999); *see also Manborde v. Suarez*, No. 22-CV-20404-RKA, 2022 WL 2191638, at *3 (S.D. Fla. June 17, 2022) ("a police officer's false statements in an application for a warrant are not, standing alone, sufficient to state a viable false-arrest claim *unless* 'such false statements were necessary to the probable cause.'" (quoting *Jones*, 174 F.3d at 1285) (emphasis in original)). Plaintiff does not allege that the officers would have lacked probable cause without the false statement about Plaintiff declining shelter. In other words, Plaintiff does not allege that declining shelter is an element of the offense for which they were arrested. *See Brown*, 608 F.3d at 735

(whether an officer possesses probable cause depends on the elements of the alleged offense and the operative fact pattern). Rather, Plaintiff's allegations show that the officers would have had probable cause even without this false statement because, as Plaintiff concedes, the law under which they were arrested prohibits sleeping in public even when no alternative shelter exists. [ECF No. 1 at 3]. Thus, Plaintiff's allegations show that the officers had probable cause to arrest them, precluding a false arrest claim.

Finally, Plaintiff alleges a due process claim against the officers for falsifying police reports, "contributing to wrongful prosecution." [ECF No. 1 at 3]. Beyond these allegations, Plaintiff does not specify how their due process rights were violated; but liberally construed, these allegations suggest either a false imprisonment claim or a malicious prosecution claim. *See*, *e.g.*, *Cannon v. Macon County*, 1 F.3d 1558, 1562–63 (11th Cir. 1993) (a § 1983 false imprisonment claim requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment); *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020) (to state a § 1983 claim for malicious prosecution, the plaintiff "must prove both a violation of his Fourth Amendment right to be free of unreasonable seizures and the elements of the common law tort of malicious prosecution") (quotations and alterations omitted)); *Joyce v. Adams*, No. 4:05- CV-078, 2007 WL 2781196, at *8 (S.D. Ga. Sept. 20, 2007) (construing a Fourteenth Amendment due process claim based on an alleged false arrest and detention as a malicious prosecution claim because "the law is clear that malicious prosecution is the appropriate cause of action for seeking damages for confinement pursuant to legal process.").

As explained above, Plaintiff's allegations show that the officers had probable cause to arrest them. Thus, Plaintiff cannot maintain a false imprisonment or malicious prosecution claim against the arresting officers. *See Rebalko v. City of Coral Springs*, 552 F. Supp. 3d 1285, 1308–09 (S.D. Fla. 2020) (claims for false imprisonment and malicious prosecution require the plaintiff

to show an absence of probable cause for the arrest). Plaintiff otherwise alleges no facts showing that their due process rights were violated. The officers' false statement about Plaintiff declining shelter does not, by itself, constitute a due process violation. *See Sullenberger v. City of Coral Gables*, No. 22-CV-21830-RKA, 2025 WL 101703, at *29 (S.D. Fla. Jan. 15, 2025) (rejecting arrestee's due process claim based on arresting officers' alleged reliance on false statements because "shoddy, sloppy, or lazy police work doesn't—by itself—necessarily constitute a due-process violation."). Accordingly, Plaintiff has not stated a due process claim against the arresting officers.

## IV.    LEAVE TO AMEND

A *pro se* Plaintiff must be granted at least one opportunity to amend his Complaint if an amended complaint might state a claim upon which relief can be granted. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). Plaintiff's Amended Complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

While Rule 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to § 1983 cases in an effort to identify meritless claims. *See GJR Invs.*, 132 F.3d at 1367 ("Some factual detail in the pleadings is

necessary to the adjudication of § 1983 claims."). Accordingly, a § 1983 plaintiff must allege with specificity the facts which make out his claim. *See Wilson v. Strong,* 156 F.3d 1131, 1134 (11th Cir.1998) ("[T]he contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"). Factual detail in the pleadings is particularly necessary in cases involving qualified immunity, where the Court must determine whether a defendant's actions violated a clearly established right. *See GJR Invs.,* 132 F.3d at 1367.

In addition, Plaintiff must separate each cause of action against each Defendant into a different count. The Amended Complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" *Id*. Plaintiff must clearly write the name of each Defendant who is a party to this action and specify which Defendant is responsible for each act or omission that forms the basis of his claims. *See Weiland*, 792 F.3d at 1323.

## V. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **April 7, 2025**, Plaintiff shall file an amended complaint, labeled **"Amended Complaint,"** that cures the deficiencies identified above. The Amended Complaint shall:

   a. Contain a short and plain statement of Plaintiff's claims against each named Defendant, a basis for federal jurisdiction, and a demand for judgment.

   b. Be either typed in 12-point font or larger and double-spaced or handwritten legibly.

   c. Be written on the § 1983 complaint form attached to this order.

3.  The Amended Complaint must show **Case No. 25-cv-20937-GAYLES** so that it will be filed in this case.

4.  The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the non-prisoner civil rights complaint form, together with this Order, at the address listed below.

5.  This case is **CLOSED** for administrative purposes only.

   **DONE AND ORDERED** in chambers at Miami, Florida, this 6th day of March, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   **Bounce**, *pro se*
      555 17th Street
      Miami Beach, FL 33139